UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN GLOVER,<br><br>    Petitioner,<br><br>  v.<br><br>IVAN CLAY, Warden,<br><br>    Respondent. | 1:07-cv-00306-LJO-TAG HC<br><br>ORDER PERMITTING RESPONDENT TO WITHDRAW MOTION TO DISMISS (Doc. 12)<br><br>ORDER REQUIRING RESPONDENT TO FILE AN ANSWER WITHIN THIRTY DAYS<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On January 24, 2008, after conducting its preliminary screening of the petition, the Court ordered Respondent to file a response. (Doc. 8). In lieu of an answer, Respondent filed a motion to dismiss on March 21, 2008, based on Respondent's evaluation of the untimeliness of the petition. (Doc. 12). On April 4, 2008, Petitioner filed an opposition to the motion to dismiss. (Doc. 13). On April 9, 2008, in light of the information contained in Petitioner's opposition, Respondent filed a statement of non-opposition to Petitioner's opposition as well as a motion to withdraw Respondent's previously filed motion to dismiss and a request to file an answer within thirty days. (Doc. 14).

///

1

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS as follows:

1. Respondent's motion to withdraw the previously filed motion to dismiss dated March 21, 2008 (Doc. 12), is GRANTED;

2. Respondent SHALL FILE, within thirty (30) days of the date of service of this order, AN ANSWER addressing the merits of the Petition. Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

   – Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

   – Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); <u>Jones v. Delo</u>, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

   – Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

---

[1] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

3. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the ANSWER, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **May 2, 2008**                                    **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE