# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD DEAN GLOVER, | ) | 1:07-cv-00306-LJO-TAG  HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| v. | ) | [Doc. 16] |
| | ) | |
| IVAN CLAY, Warden, | ) | ORDER DIRECTING RESPONDENT TO |
| | ) | RESPOND TO PETITION WITHIN |
| Respondent. | ) | THIRTY  DAYS |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 26, 2007, the instant petition for writ of habeas corpus was filed in this Court. (Doc. 1).  After conducting a preliminary review of the petition, on January 24, 2008, the Court issued an order directing Respondent to file a response to the petition. (Doc. 8).  On March 21, 2008, Respondent filed a motion to dismiss alleging that Petitioner had not filed his petition within the one-year limitations period provided by federal law. (Doc. 12).  On April 4, 2008, Respondent sought leave to withdraw the motion to dismiss. (Doc. 13).  On May 7, 2008, the Court granted Respondent leave to withdraw said motion. (Doc. 15).  On June 5, 2008, Respondent filed the instant motion for stay of the proceedings pending the Ninth Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). (Doc. 16).  Petitioner has not filed an opposition to the motion for stay.

**DISCUSSION**

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979).  However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority."  Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n. 2 (9th Cir. 2000).  In addition, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong, 208 F.3d at 1120.   "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'"  Id. (quoting Fay v. Noia, 372 U.S. 391, 400, 83 S. Ct. 822 (1963)).  In Yong, the Ninth Circuit addressed an analogous situation where the district court issued a stay pending a decision from the Supreme Court.  The Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding.  Id. at 1120-21. Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

In this case Respondent asks the Court to stay the proceedings pending a decision in Hayward.  Like Yong, such a stay would undoubtedly be lengthy.  As well, this is a habeas proceeding and therefore implicates special considerations that limit the Court's authority to issue a stay.  But, more importantly, ample binding precedent from the Ninth Circuit other than Hayward already exists that  bears on the issues raised in the petition.  See Superintendent v. Hill, 472 U.S. 445, 457, 105 S. Ct. 2768 (1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-1128 (9th Cir.2006);  Irons v. Carey, 505 F.3d 846, 851 (9th  Cir. 2007).  Pursuant to Yong, this Court has no authority to await a further ruling from the Ninth Circuit before applying these binding precedents.  208 F.3d at 1119 n. 2.
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion for stay (Doc. 16), is DENIED;

2) Respondent is HEREBY ORDERED to file an Answer to the petition within thirty (30) days of the date of service of this Order.  Petitioner's Traverse, if any, is due thirty (30) days from the date of filing of Respondent's Answer.

IT IS SO ORDERED.

Dated:   **June 17, 2008**                                        **/s/ Theresa A. Goldner**
                                                                    UNITED STATES MAGISTRATE JUDGE